**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-3413; 23-1067
_____

UNITED STATES OF AMERICA

v.

OMAR MORALES COLON,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:17-cr-00047-001)
District Judge:  Honorable Stephanos Bibas[*]
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 17, 2025
_____

Before:  CHAGARES, Chief Judge, SCIRICA and RENDELL, Circuit Judges

(Opinion filed: April 24, 2025)

_____

OPINION[+]

---

[*] The Honorable Stephanos Bibas, Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation pursuant to 28 U.S.C. § 291(b).

[+] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, <u>Chief</u> <u>Judge</u>.

During his prosecution for numerous drug trafficking and money laundering

offenses, Omar Morales Colon received representation by a series of five attorneys, four

of them court-appointed, over a period of four years.[1]  Suspecting that Colon was

antagonizing his counsel in an effort to avoid trial, the District Court repeatedly warned

Colon that this behavior could result in a waiver of the right to counsel.  Colon

nonetheless obtained the withdrawal of his third court-appointed attorney by filing a

disciplinary complaint against her.  Then, in the middle of trial, he accused his fourth

court-appointed attorney of substance abuse and directed his daughter to file a

disciplinary complaint against her as well.  The District Court denied Colon's mid-trial

request for substitute counsel and concluded that Colon had waived the right to counsel

by his conduct.  Colon now argues that the court abused its discretion in denying

substitute counsel and erred in concluding that he waived by conduct his right to counsel.

Perceiving no error in the District Court's determinations, we will affirm the judgment of

conviction and the District Court's denial of Colon's motion for a new trial.

I.

We write for the benefit of the parties and so recite only the facts pertinent to our

decision.  Colon's first attorney entered an appearance on May 11, 2017, but moved to

---

[1] The District Court severed the drug trafficking charges from the money laundering
charges for purposes of trial.  The Honorable Leonard Stark presided over Colon's trial
on the drug trafficking charges and proceedings relating to Colon's waiver of the right to
counsel.  The Honorable Stephanos Bibas, sitting by designation, presided over Colon's
trial on the money laundering charges and over his sentencing.

withdraw on May 4, 2018, after Colon became unable to pay him. The court granted first counsel's motion to withdraw and appointed new counsel. At new counsel's request, the court later appointed a second attorney as assistant counsel. In a letter addressed to the court dated April 22, 2019, Colon requested that his lead counsel withdraw and that he be allowed to proceed pro se, with assistant counsel serving as standby counsel. Colon asserted as grounds for the requested withdrawal that his lead counsel was subject to a conflict of interest, that he had provided ineffective assistance of counsel, and that the attorney-client relationship had deteriorated irrevocably. The court held a hearing at which Colon renewed his request for his lead counsel's withdrawal but disclaimed any wish to proceed pro se. The court excused lead counsel from the representation after finding that "the relationship [between] Mr. Colon and [counsel] ha[d] broken down irreconcilably." Joint Appendix ("J.A.") 206. Because assistant counsel asked to be released from further representation of Colon, the parties requested that the court appoint another attorney to act as lead counsel.

The court appointed new counsel for Colon on June 13, 2019, and granted assistant counsel's request to withdraw. Nearly a year later, in a letter addressed to the court dated April 20, 2020, Colon stated that he "wish[ed] to formally request the release of [counsel] . . . and proceed pro se." J.A. 220. The court conducted a telephone conference regarding Colon's request on May 7, 2020. During the conference, Colon indicated that he did not wish to proceed pro se. He consented, instead, to continued representation by current counsel. Nevertheless, Colon several weeks later again requested that counsel withdraw. The court conducted another telephone conference on

3

July 23, 2020, regarding Colon's request for new counsel. Counsel affirmed during the conference that she "could continue to represent [Colon] zealously and [was] willing to do it and happy to do [her] best job." J.A. 292. She noted, however, that Colon's refusal to "meet with [her] or prepare for trial" made it "difficult for [her] to represent him under the . . . current circumstances." Id.

Counsel moved to withdraw on August 3, 2020, citing an "irreparabl[e] deteriorat[ion] . . . with respect to the discrete acts and tactics to be employed in Mr. Colon's defense and the personal relationship between counsel and client." J.A. 307. The Court convened a status conference in court on August 10, 2020, during which counsel reaffirmed that she was "capable of representing" Colon "zealously." J.A. 318. But counsel also noted that she was likely unable to provide effective assistance because "Colon [did] not want to work with" her. Id. Colon again insisted that he did not wish to proceed pro se. After sealed proceedings ex parte — that is, among counsel, Colon, and the court, without participation by the Government — the court concluded that there was no good cause to release counsel from her representation of Colon. In particular, the court "found no conflict of interest, no ineffective assistance, [and] no . . . breakdown in communications and irreconcilable differences" that would justify removal or substitution of counsel. J.A. 326. The court nonetheless noted "a concern that Mr. Colon may not cooperate and communicate with his attorney . . . going forward." Id. The court therefore "warn[ed]" Colon that, if he did not "reasonably cooperate [with counsel] in the presentation of his defense," that "conduct could lead to a finding [that] he forfeited his right to counsel" or "that he waived his right to counsel by his conduct." J.A. 327. Colon

4

confirmed his understanding that "not communicating with [counsel]" and "not responding to . . . inquiries in court" could result in "los[s] [of his] right to be represented by any attorney at th[e] forthcoming trial." J.A. 332. The court then undertook an extensive colloquy confirming that Colon understood the risks of representation pro se. Colon again indicated that he did not wish to proceed pro se. No change in counsel occurred.

Colon nevertheless renewed his request for new counsel during a telephone conference regarding an unrelated matter on November 5, 2020. After the court requested that the parties submit a joint status report regarding Colon's concerns with counsel, Colon left the videoconference "very angrily." J.A. 379. The parties later submitted a joint status report requesting that the court convene a video teleconference to discuss Colon's request for new counsel. During a telephone conference on November 23, 2020, the court, the Government, and counsel for Colon agreed that, given Colon's recalcitrance during previous video teleconferences, any discussion regarding Colon's concerns with counsel should occur in court. At a status conference in court on January 14, 2021, the court stated that it would decide at a later date whether to conduct an evidentiary hearing regarding Colon's assertion that there was good cause to replace current counsel. At counsel's request, however, the court convened an emergency telephone conference at 8:16 a.m. on January 27, 2021. Counsel informed the court that she had been "notified [the day before] by the disciplinary board that . . . Colon ha[d] filed a disciplinary complaint against [her]." J.A. 427. She therefore sought to withdraw from the representation. At a later status conference Colon's counsel noted that she had

"retained counsel to represent [her] at the disciplinary board," observed that Colon "is very litigious," and suggested that she "would have a conflict of interest" in representing Colon. J.A. 446.

By Memorandum Opinion and Order of May 3, 2021, the District Court granted counsel's motion to withdraw and "reluctantly" ordered the appointment of a new attorney, who would be the fifth to appear for Colon in the matter. J.A. 464. The court noted that existing counsel was "diligent and professional throughout her representation" of Colon and determined that Colon's complaints about her performance were unfounded. J.A. 462–63. The court nevertheless concluded that appointment of new counsel was warranted because an irreconcilable conflict had arisen between Colon and his counsel. The court observed, however, that "Colon [had] lodged . . . accusations against his former attorney" that were "similar" to those he made against his current counsel. J.A. 464. And the court stated that it was "disinclined to grant any further continuances, especially if there are indications [that] . . . a request [for new counsel] is made in bad faith, for purposes of delay, or to subvert judicial proceedings." Id.

On May 18, 2021, the court appointed new counsel for Colon. This attorney served as Colon's attorney without incident until trial. During trial, however, Colon's wife and co-defendant Shakira Martinez informed the Government that Colon's counsel was listed as administratively suspended on the website of the Disciplinary Board of the Supreme Court of Pennsylvania. Counsel, who was unaware of the suspension, learned that it was the result of a half-credit deficit in continuing legal education ("CLE") credits. During a mid-trial status conference on September 22, 2021, convened to discuss the

consequences of counsel's administrative suspension, Colon accused his attorney of "erratic[] behavior," "substance abuse[]," and forgetfulness. J.A. 1038. After a recess, the court determined that counsel's administrative suspension did not prevent her from continuing as trial counsel to Colon. The court concluded that Colon "ha[d] two choices": he could "continue to be represented by [current counsel] . . . or he [could] represent himself." J.A. 1066.

On the morning of the next day — September 23, 2021 — counsel reported that she had spoken to Colon and that "he indicate[d] that he does want to move forward with [her] as counsel." J.A. 1113. Counsel affirmed that she was "confident" that she and Colon could "go forward with the trial tomorrow and complete it." Id. Later that day, however, counsel notified the court by email that Colon's daughter, acting on behalf of her father, had filed a disciplinary complaint against her before the Delaware Supreme Court, alleging that counsel had behaved "erratic[ally]" and displayed signs of substance abuse. J.A. 1125–26. Addressing the court, counsel stated: "I am intimidated . . . . [Colon] is mean spirited and it just shows. . . . He doesn't want me to be his lawyer, obviously. . . . I implore you, I cannot go forward." J.A. 1129.

After a recess, the court granted counsel's request to withdraw and announced its finding that Colon had waived by conduct his right to counsel. The court found that "Colon attempted to take of advantage of the CLE issue by engaging in yet another attempt to prevent the Court from fulfilling its duty to carry out the judicial process." J.A. 1145. The court noted that it had "noticed [in Colon's fifth attorney] none of the . . . forgetfulness, erratic behavior or lack of preparation" alleged by Colon. J.A. 1147. The

court explained that it had "warned Mr. Colon repeatedly including before [current counsel] was appointed that he could lose his right to representation by counsel through his conduct." J.A. 1157. Nevertheless, the court found, Colon "engaged in . . . a campaign to create conflict with counsel, to undermine the relationship with counsel," and "succeeded in intimidating [counsel] to the point" that she, "for . . . the first time in her lengthy career, . . . cannot proceed." Id. The court released counsel from the representation and ordered Colon to proceed pro se, with standby counsel appointed from the Office of the Federal Public Defender. The jury found Colon guilty of one count of conspiracy to distribute five kilograms or more of cocaine and one count of possession of marijuana with intent to distribute. It acquitted Colon of the two remaining drug-related charges.

Colon later requested the appointment of counsel with respect to the trial of the money laundering charges against him and Martinez. The District Court denied the request, reasoning with "sad confidence that appointing new counsel will simply result in a repeat of the same type of [problems] that have arisen, repeatedly, before." J.A. 1241. A jury convicted Colon of all money laundering counts charged and the District Court sentenced Colon to 540 months of imprisonment. Colon timely appealed the judgment of conviction. He later filed a motion for a new trial, which the District Court denied. Colon timely appealed the court's denial of the motion. The Clerk has consolidated the two appeals for all purposes.[2]

_____

[2] Colon's appeals have also been consolidated with the appeal of his co-defendant Martinez. We address Martinez's appeal in a separate opinion and judgment.

II.[3]

Colon argues that the District Court deprived him of his right to counsel under the Sixth Amendment by denying his mid-trial request for substitute counsel and by requiring him to proceed pro se after concluding that he had waived his right to counsel by conduct. Our review of the record satisfies us that both determinations were consistent with the requirements of the Sixth Amendment.

We review a district court's denial of substitute counsel for abuse of discretion. United States v. Noble, 42 F.4th 346, 351 (3d Cir. 2022). We have explained "that in order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with his attorney." United States v. Welty, 674 F.2d 185, 188 (3d Cir. 1982).

Colon insists that the administrative suspension of his fifth and final attorney from the practice of law in Pennsylvania provided good cause for her mid-trial substitution because it diverted her attention from the representation of Colon, "caused a complete breakdown of communication and trust," Colon Br. 40, and "created the possibility that [she] would act to please the district court in the hope of receiving leniency," id. at 39. We are unpersuaded. To ensure that Colon and his fifth attorney had adequate time to prepare for the remainder of trial, the District Court continued the trial for one day. This continuance evidently served its purpose: during a status conference on the afternoon

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. Our Court has jurisdiction under 28 U.S.C. § 1291.

9

before trial was to resume, counsel stated that she and Colon had "been meeting since 9:00 o'clock" in the morning, reported that Colon "does want to move forward with [her] as his counsel," and affirmed that she and Colon were prepared to "go forward with the trial tomorrow and complete it." J.A. 1113. Under these circumstances, the District Court did not abuse its discretion in declining to conclude that a complete breakdown of trust had occurred or that counsel's attention was so distracted that she could not continue as counsel. Nor did the District Court abuse its discretion in declining to conclude that a conflict arose from counsel's hypothesized interest in winning leniency from the court. After the court announced its conclusion that counsel's "de minimis" deficit in CLE credits did not prevent counsel from continuing to represent Colon,[4] J.A. 1060, any "possibility that [she] would act to please the district court in the hope of receiving leniency" was reduced to the point of insignificance, Colon Br. 39.

Having concluded that the District Court did not abuse its discretion in denying Colon's mid-trial request for substitute counsel, we address Colon's argument that the court erroneously concluded that he waived his right to counsel by conduct. We review de novo a district court's legal determination that a defendant waived the right to counsel

---

[4] Colon is technically correct that, after the court learned of this attorney's administrative suspension, the attorney was not authorized to practice law in Delaware absent a court order declining to impose reciprocal discipline. See Status Definitions, Pennsylvania Disciplinary Board, https://perma.cc/9WVV-FLL9 (last visited Apr. 8, 2025); D. Del. R. 83.6(b)(1), (b)(3). But the District Court clearly intended to issue a show cause order that would allow the attorney to explain why reciprocal discipline would be unwarranted, and then issue an order allowing her to continue representing Colon. The court did not have occasion do so because the next day, counsel learned about Colon's daughter's complaint and asked to withdraw. At no point did the District Court allow counsel to represent Colon while the automatic reciprocal discipline was in place.

10

by conduct. United States v. Goldberg, 67 F.3d 1092, 1097 (3d Cir. 1995). But we review for clear error the factual findings upon which this legal determination rests. Noble, 42 F.4th at 350; United States v. Peppers, 302 F.3d 120, 127 (3d Cir. 2002).

Waiver occurs when there has been "an intentional and voluntary relinquishment of a known right." Goldberg, 67 F.3d at 1099. Although the "most commonly understood method of 'waiving' a constitutional right is by an affirmative, verbal request," id., a defendant may also waive the right to counsel by his conduct, id. at 1100. We have explained, in particular, that "[o]nce a defendant has been warned that he will lose his attorney if he engages in dilatory tactics, any misconduct thereafter may be treated as an implied request to proceed *pro se* and, thus, as a waiver of the right to counsel." Id.

The District Court warned Colon on multiple occasions that failure to cooperate with his counsel could result in a waiver of the right to counsel. And, consistent with the Supreme Court's mandate in Faretta v. California, 422 U.S. 806, 835 (1975), the court conducted an extensive colloquy confirming that Colon was aware of and understood the risks posed by pro se representation. Even after receiving these warnings, however, Colon continued in his attempt to replace his fourth attorney by filing a disciplinary complaint against her. After the filing of this complaint, the court granted Colon's request for new counsel given the "plainly irreconcilable" conflict that had arisen between him and his fourth attorney, J.A. 463, but cautioned him against requesting new counsel "in bad faith, for purposes of delay, or to subvert judicial proceedings," J.A. 464. Colon nevertheless sought to achieve the removal of his fifth attorney by accusing her

11

during a colloquy with the District Court of substance abuse, forgetfulness, and erratic behavior. When these accusations — which the District Court deemed baseless — failed to produce counsel's withdrawal, Colon's daughter, acting on Colon's behalf, filed a disciplinary complaint against counsel repeating Colon's allegations of substance abuse, forgetfulness, and erratic behavior.

Although Colon disputes his responsibility for filing the complaint against his fifth attorney, we see no clear error in the District Court's conclusion that Colon caused his daughter to file the complaint. See Noble, 42 F.4th at 350; Peppers, 302 F.3d at 127. Nor do we discern clear error in the District Court's finding that Colon's filing of the complaint against his fifth attorney was the latest act in a "campaign" to avoid trial by creating conflicts with counsel. J.A. 1157. Recognizing the egregiousness of Colon's campaign to frustrate his prosecution by alienating his appointed counsel, which he undertook despite being thoroughly warned of its possible consequences, we conclude that this is the rare case in which a defendant's "misconduct . . . may be treated as an implied request to proceed *pro se* and, thus, as a waiver of the right to counsel." Goldberg, 67 F.3d at 1100. We perceive no error, therefore, in the District Court's determination that Colon waived by conduct his right to counsel.

## III.

For the foregoing reasons, we will affirm Colon's judgment of conviction and the District Court's order denying his motion for a new trial.

12